IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLION LIMITED,<br><br>    Petitioner,<br><br>v.<br><br>PDVSA PETROLEO S.A.,<br><br>    Respondent. | C.A. No. _____ |

**PETITION TO RECOGNIZE, CONFIRM
AND ENFORCE FOREIGN ARBITRATION AWARD**

  Petitioner, CLION LIMITED ("Clion"), by and through its undersigned attorneys, The Rosner Law Group LLC and Clyde & Co US LLP, alleges as follows in support of its Petition for entry of an Order, pursuant to 9 U.S.C. § 207 and 9 U.S.C. § 9, (a) confirming and recognizing the Arbitral Award dated April 14, 2023 ("First Partial Award"),[1] and addendum thereto dated May 31, 2023 ("Addendum to First Partial Award"),[2] issued by sole Arbitrator, Mr. Sean O'Sullivan, KC, under the United Kingdom Arbitration Act 1996, in the matter of the arbitration styled, "*Clion Limited (Claimant) -and- PDVSA PETROLEO S.A. (Respondent), MT "LION" & sub MT "HYDE" C/P dd. 03.08.15*" (the "Arbitration"); (b) entering judgment in favor of Petitioner Clion against Respondent PDVSA Petroleo S.A. ("PDVSA") in the amount of the First Partial Award and Addendum to the First Partial Award, with interest and costs as provided therein, plus the costs of this proceeding, pursuant to 9 U.S.C. § 13; and (c) awarding Petitioner such other and further relief as the Court deems just and proper:

---

[1] A duly authenticated and certified copy of the First Partial Award is annexed as <u>Exhibit "A"</u> to the accompanying Declaration of Marko Kraljevic dated December 7, 2023, in support of the Petition to Recognize, Confirm and Enforce the Foreign Arbitration Award ("Kraljevic Decl.").

[2] A duly authenticated and certified copy of the Addendum to the First Partial Award is annexed as <u>Exhibit "B"</u> to the accompanying Kraljevic Decl.

{00037484. }

## PARTIES

1.     At all material times, Petitioner Clion has been and is a corporation duly incorporated under the laws of the United Kingdom, with its principal place of business at Portland House 69-71, Wembley Hill Road, Wembley, Middlesex, England HA9 8BU. Clion owns and operates a diversified fleet of vessels and provides shipping services of crude oil, clean products and dry bulk cargoes. Clion is part of a network of companies constituting the Union Maritime Group.

2.     At all material times, Respondent PDVSA has been and is the Venezuelan incorporated and state-owned oil company, with its principal place of business at Avenida Libertador con Calle El Empalme, Complejo MinPetroleo – PDVSA, La Campiña, Caracas, Venezuela. PDVSA wholly owns PDV Holding, Inc. ("PDVH"), a Delaware corporation which wholly owns CITGO Holding, Inc., which wholly owns CITGO Petroleum Corporation,[3] the latter of whose shares this Court plans to auction by judicial procedure.

3.     Clion's claim in the Arbitration against PDVSA arose out of outstanding sums totaling USD $1,231,383.07 due and payable under a charterparty dated August 3, 2015 (the "Charter"), pursuant to which CLION agreed to let and PDVSA agreed to hire the M/T LION for a period of about two years at a hire rate of USD $18,930.00 per day. Thereafter, on June 17, 2017, Clion and PDVSA entered into Addendum No. 1 to the Charter, under which PDVSA granted Clion an option to substitute the M/T LION with the M/T HYDE, owned by Fulton Hyde Limited,

---

[3] *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela,* 333 F. Supp. 3d 380, 418 (D. Del. 2018), *aff'd and remanded,* 932 F.3d 126 (3d Cir. 2019).

another company in the Union Maritime Group. Subsequently, on October 3, 2017, Clion and PDVSA entered into Addendum No. 2 to the Charter pursuant to which PDVSA granted Clion an option to substitute the MT "HYDE" with the MT "MOXON", owned by UML Moxon Limited.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this Petition pursuant to 9 U.S.C. § 203, which provides that the United States district courts have original subject matter jurisdiction over a proceeding governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), as implemented by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and 9 U.S.C. § 201, *et seq*. This is a civil action seeking confirmation of an award rendered in an arbitration falling under the New York Convention.

5. This action also constitutes an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves a claim for breach of a maritime contract for the charter of a vessel, and this Court thus also has admiralty jurisdiction pursuant to 28 U.S.C. 1333.

6. Venue is proper in this District pursuant to 9 U.S.C. § 204 because, save for the parties' arbitration agreement, an action or proceeding with respect to the controversy between the parties could have been brought in this District.

7. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

# FACTS

8. By Charter Party dated August 3, 2015, (the "Charter"), Clion entered into a maritime contract for the charter of a vessel, the M/T LION, which Clion agreed to let and PDVSA agreed to hire for about two years at a daily hire rate of USD $ 18,930.00. (A true and correct copy of the Charter is annexed as Exhibit "C" to the accompanying Kraljevic Decl.).

9. On July 14, 2017, Clion and PDVSA entered into Addendum No. 1 to the Charter, under which PDVSA granted Clion an option to substitute the M/T LION with the M/T HYDE – owned by Fulton Hyde Limited, another company in the Union Maritime Group – as the M/T LION was due to go to drydock.

10. Subsequently, on October 3, 2017, Clion and PDVSA entered into Addendum No. 2 to the Charter pursuant to which PDVSA granted Clion an option to substitute the MT "HYDE" with the MT "MOXON" – owned by owned by UML Moxon Limited, another company in the Union Maritime Group – as the MT "HYDE" was due to go to drydock.

11. There was, however, a period of overlap in which PDVSA had use of two vessels at the same time and Clion, accordingly, charged hire for the use of both vessels.

12. Clause 46(b) of the Charter states that any disputes between the parties are subject to London arbitration. Clause 46(a) of the Charter states that the Charter is governed by English Law.

13.     In total, PDVSA incurred net charges of USD $14,996,855.06 under the Charter, of which it paid a total of USD $13,691,224.97. A balance of USD $1,231,383.07 is due and owing by PDVSA to Clion.

14.     Despite due demand by Clion, PDVSA failed to pay the outstanding debt under the Charter. Clion therefore appointed its Arbitrator on March 15, 2019. PDVSA appointed attorneys who participated in some correspondence related to the arbitration. PDVSA did not actively participate in the arbitration and did not appoint an arbitrator.

15.     The sole Arbitrator conducted the Arbitration pursuant to Clause 46(b) of the Charter.

16.     The Arbitrator provided PDVSA ample and sufficient opportunity to participate in the arbitration proceedings. *See* Kraljevic Decl., Exhibit "D".

17.     On April 14, 2023, the Arbitrator awarded Petitioner Clion:

   a.   $837,661.33 for sums due under the Charter which have not been paid;

   b.   $18,284.42 for interest on other payments made late;

   c.   $239,565.97 for interest on the unpaid sums to the date of the award.

   d.   The total principal sum payable by PDVSA to the Petitioner amounts to $1,095,511.72.

> e.  In addition, the Arbitrator ordered that PDVSA must pay the costs of the arbitration, including the Tribunal's fees. To the extent that the Petitioner fund these fees on an interim basis, PDVSA must reimburse the excess, together with interest thereon at 5% per annum, compounded every 3 months, from the date of payment until the date of reimbursement.

See Kraljevic Decl., Exhibit "A," at paragraphs 35-37.

18.  On May 31, 2023, after submissions by Clion, the Arbitrator amended the First Partial Award and issued an Addendum to the First Partial Award, which awarded post-judgment interests:

> I therefore now correct paragraph 36 of the First Partial Award, which should read as follows: "That gives a total payable by PDVSA to the Owners of US $1,095,511.72, <u>together with interests thereon at 5% per annum, compounded every 3 months, from the date of this Award until the date of payment</u>.

See Kraljevic Decl., Exhibit "B," at paragraph 9.

19.  Pursuant to English law, the arbitration awards, including interest and costs, are binding on the parties.

20.  Both the United Kingdom and the United States are signatories to the New York Convention, which provides that a court sitting in any signatory country nation shall recognize and

enforce a foreign arbitral award where (a) certified copies of both agreement to arbitrate and the arbitral award are submitted to the court; (b) the application is timely filed; and (c) none of the enumerated defenses to recognition and enforcement are present.

21. None of the enumerated defenses to recognition and enforcement listed in Article V of the New York Convention applies.

22. The Award, as amended by the Addendum to the First Partial Award, has not been set aside or suspended by a competent authority of the United Kingdom, the country in which, and under the law of which, the Award was made.

23. Pursuant to 9 U.S.C. § 207, Petitioner brought this action within three (3) years after the Award was made on April 14, 2023, as amended by the Addendum to the First Partial Award dated May 31, 2023.

24. Under the New York Convention, no ground exists for this Court to refuse confirmation and recognition of the First Partial Award and Addendum to the First Partial Award.

## PRAYER FOR RELIEF

25. Clion repeats and realleges all the foregoing paragraphs of this petition with the same force and effect as if set forth herein at length.

26. By reason of the foregoing and pursuant to the New York Convention, Clion respectfully requests that the Court recognize, confirm and enforce the valid First Partial Award and the Addendum to the First Partial Award against PDVSA and issue a judgment against PDVSA

for the full amount of the First Partial Award, plus interests and costs, as set forth in paragraph 17 herein and in the Addendum to the First Partial Award as set forth in paragraph 18 herein.

**WHEREFORE,** Petitioner respectfully requests that this Court enter an Order and Judgment, pursuant to 9 U.S.C. § 207:

(a) confirming and recognizing the First Partial Award and Addendum to the First Partial Award,

(b) entering judgment in favor of Petitioner and against Respondents in the amount of the First Partial Award, with the interest and costs as provided therein, plus the costs of this proceeding and post-judgment interest at the rates provided for in the Addendum to the First Partial Award, and

(c) awarding Petitioner such other and further relief as the Court deems just and proper.

[SIGNATURE PAGE FOLLOWS]

| | |
|---|---|
| Dated: December 7, 2023<br>Wilmington, Delaware | **THE ROSNER LAW GROUP LLC**<br>*/s/ Scott Leonhardt*<br>Frederick B. Rosner (DE 3995)<br>Scott Leonhardt (DE 4885)<br>Zhao (Ruby) Liu (DE 6436)<br>824 N. Market Street, Suite 810<br>Wilmington, Delaware 19801<br>Tel.: (302) 777-1111<br>Email: rosner@teamrosner.com<br>        leonhardt@teamrosner.com<br>        liu@teamrosner.com<br><br>      -and-<br><br>**CLYDE & CO US LLP**<br>John R. Keough<br>The Chrysler Building<br>405 Lexington Ave, 16th Floor<br>New York, New York 10174<br>Tel: (212) 710-3900<br>Fax: (212) 710-3950<br>John.Keough@clydeco.us<br><br>*Counsel for Petitioner, Clion Limited* |